IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

AK STEEL CORPORATION, ALCATEL-
LUCENT USA INC., AKZO NOBEL PAINTS
LLC, ASHLAND INC., AVERY DENNISON
CORPORATION, BEAZER EAST, INC., BI
LIQUIDATION, INC., CHEVRON
ENVIRONMENTAL MANAGEMENT CO.,
CNA HOLDINGS LLC, CONTINENTAL TIRE
NORTH AMERICAN, INC., DOROTHY OBITTS
individually and as Trustee to the OBITTS FAMILY
TRUST, E.I. DU PONT DE NEMOURS AND
COMPANY, ESSEX CHEMICAL CO., ESSEX
SPECIALTY PRODUCTS LLC, EXXON MOBIL
CORP., FORD MOTOR CO., GOODRICH CORP.,
GOODYEAR TIRE AND RUBBER COMPANY,
GORDON TERMINAL SERVICE CO., HENKEL
CORPORATION, HEXCEL CORPORATION,
HTC HOLDINGS INC., JAMESTOWN PAINT
COMPANY, LUBRIZOL CORPORATION,
MCGEAN WORLDWIDE, INC., MCKESSON
CORPORATION, MATTEL, INC., OSRAM
SYLVANIA, INC., PIONEER BALLOON CO.,
PPG INDUSTRIES, INC., ROSS CONSOLIDATED
CORP., SEQUA CORPORATION, SOLVENT
RESOURCE RECOVERY (N/K/A CHEMICAL
WASTE MANAGEMENT, INC.), SOUTHWIRE
COMPANY, TEXTRON, INC., THE DOW
CHEMICAL CO., THE GERSTENSLAGER CO.,
THE SHERWIN WILLIAMS COMPANY, UNION
CARBIDE CORPORATION, UNITED STATES
STEEL CORPORATION, VALSPAR CORP.,
WHITTAKER CORPORATION, YENKIN-
MAJESTIC PAINT CORPORATION,

        Defendants.

_____

Case No. _____
Judge

## COMPLAINT

The United States of America, by and through the undersigned attorneys, by authority of the Attorney General of the United States, and for and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This is a civil action pursuant to Sections 106, 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") as amended, 42 U.S.C. §§ 9606, 9607 and 9613, for the recovery of costs incurred by the United States in response to the release or threat of release of hazardous substances at the Chemical Recovery Systems Superfund Alternative Site (the "CRS Site" or "Site") located in Elyria, Ohio, Lorain County, Ohio.  The United States also seeks a declaratory judgment establishing Defendants' liability for any response costs that may be incurred by EPA in the future, which will be binding in any subsequent action by the United States against Defendants to recover such future response costs.

2.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613(b), because the release or threatened release of hazardous substances that gives rise to these claims occurred in this District, and because the Site is located in this District.

## DEFENDANTS

3.      Each of the below-mentioned defendants is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

4.      AK Steel Corporation is incorporated in the State of Delaware.  AK Steel is a successor to and/or also known as Elwin G. Smith.

2

5.       Alcatel-Lucent USA Inc. is a Delaware limited liability company.  Alcatel-Lucent USA Inc. is a successor to and/or also known as Western Electric.

6.       Akzo Nobel Paints LLC is a Delaware limited liability company.  Akzo Nobel Paints LLC is a successor to and/or also known as the Glidden Company.

7.       Ashland Inc. is incorporated in the State of Kentucky.  Ashland Inc. is a successor to and/or also known as Avery Chemical and Ashland Oil & Refining Co..

8.       Avery Dennison Corporation is incorporated in the State of Delaware.   Avery Dennison is a successor to and/or also known as Avery Label, Avery Products, and Fasson.

9.       Beazer East, Inc. is incorporated in the State of Delaware.  Beazer East, Inc. is a successor to and/or also known as Parr and Koppers & Co.

10.      BI Liquidation, Inc. is incorporated in the State of Delaware.  BI Liquidation is a successor to and/or also known as Bacharach, Inc. and Bacharach Instrument Co.

11.      Chevron Environmental Management Company is incorporated in the State of California.  Chevron Environmental Management Company is the successor to and/or also known as Kewannee Industries, Inc. and Harshaw Chemical.

12.      CNA Holdings LLC is incorporated in the State of Delaware.  CNA Holdings is a successor to and/or also known as Celanese Coatings and Jones Dabney.

13.      Continental Tire North American, Inc. is incorporated in the State of Ohio.  Continental Tire North America Inc. is a successor to and/or also known as Continental Tire, The Americans, GenCorp., and General Tire & Rubber Co.

14.      Dorothy Obitts is an individual and Trustee of the Obitts Family Trust.  Dorothy Obitts is a resident of the State of Ohio.

15.     E.I. du Pont de Nemours and Company is incorporated in the State of Delaware. E.I. du Pont de Nemours and Company is a successor to and/or also known as Dupont and Dupont Chemical.

16.     Essex Chemical Corporation is incorporated in the State of New Jersey.

17.     Essex Specialty Products LLC is a New Jersey limited liability company.

18.     Exxon Mobil Corporation is incorporated in the State of New Jersey.  Exxon Mobil is a successor to Mobil Chemical and Carter Oil.

19.     Ford Motor Company is incorporated in the State of Delaware.

20.     Gordon Terminal Service Company of Pennsylvania is incorporated in the Commonwealth of Pennsylvania.

21.     Goodrich Corporation is incorporated in the State of New York.  Goodrich Corporation is a successor to and/or also known as B.F. Goodrich Chemical Company, BFG Goodrich, BFG, and BFG Avon Lake.

22.     Goodyear Tire and Rubber Company is incorporated in the State of Ohio.

23.     Henkel Corporation is incorporated in the State of Delaware.  Henkel Corporation is a successor to and/or also known as Loctite Corporation, The Dexter Corporation, and Dexter Hysol Division of The Dexter Corporation.

24.     Hexcel Corporation is incorporated in the State of Delaware.

25.     HTC Holdings Inc. is incorporated in the State of Ohio.  HTC Holdings Inc. is a successor to and/or also known as Hydro Tube Corp.

26.     Jamestown Paint Company is incorporated in the Commonwealth of Pennsylvania.  Jamestown Paint Company is a successor to and/or also known as Jamestown Paint & Varnish.

4

27.     Lubrizol Corporation is incorporated in the State of Ohio.  Lubrizol Corporation is a successor to R.O. Hull.

28.     McGean Worldwide, Inc. is incorporated in the State of Ohio.  McGean Worldwide, Inc. is a successor to and/or also known as McGean-Rohco Worldwide, Inc. and R.O. Hull.

29.     McKesson Corporation is incorporated in the State of Delware.  McKesson is a successor to and/or also known as McKesson Chemical.

30.     Mattel, Inc. is incorporated in the State of Delaware.  Mattel, Inc. is a successor to and/or also known as Fisher Price and Fisher Price Toys.

31.     Osram Sylvania, Inc. is incorporated in the State of Delaware.  Osram Sylvania is a successor to and/or also known as Sylvania and Sylvania Electronics.

32.     Pioneer Balloon Company is incorporated in the State of Kansas.

33.     PPG Industries, Inc. is incorporated in the Commonwealth of Pennsylvania.

34.     Ross Consolidated Corporation is incorporated in the State of Ohio.  Ross Consolidated Corporation is a successor to and/or also known as Robert Ross & Sons and Robert Ross Industrial Disposal.

35.     Sequa Corporation is incorporated in the State of Delaware.  Sequa Corporation is a successor to Elyria Foundry.

36.     Solvent Resource Recovery (n/k/a Chemical Waste Wanagement, Inc.) is incorporated in the State of Delaware.

37.     Southwire Company is incorporated in the State of Delaware.

38.     Textron, Inc. is incorporated in the State of Delaware.  Textron, Inc. is a successor to Randall Company and Randall Division.

39.     The Dow Chemical Company is incorporated in the State of Delaware.  The Dow Chemical Company is a successor to and/or also known as Dow Chemical and Dowell Division.

40.     The Gerstenslager Company is incorporated in the State of Michigan.

41.     The Sherwin Williams Company is incorporated in the State of Ohio.  The Sherwin Williams Company is a successor to and/or also known as Sprayon Products.

42.     Union Carbide Corporation is incorporated in the State of New York.

43.     United States Steel Corporation is incorporated in the State of Delaware.  United States Steel is a successor to and/or also known as USK Corporation and Alside, Inc.

44.     Valspar Corporation is incorporated in the State of Delaware.  Valspar Corporation is a successor to and/or also known as Plaski-Kote.

45.     Whittaker Corporation is incorporated in the State of Delaware.

46.     Yenkin-Majestic Paint Corporation is incorporated in the State of Ohio.  Yenkin-Majestic Paint Corporation is a successor to and/or also known as Yenkin-Majestic and Ohio Polychemical.

GENERAL ALLEGATIONS

47.     The Site occupies approximately two acres in the City of Elyria, Lorain County, Ohio.  The Site is in downtown Elyria, on a peninsula formed by a bend in the East Branch of the Black River.

48.     The Site was operated as a solvent reclamation business from approximately 1960 to 1980.  During its operation, the Site was used to reclaim spent organic solvents.

49.     These spent organic solvents were spilled and seeped into Site soils and leached into the groundwater underneath the Site.

6

50.     EPA has conducted various "response" activities, as defined by Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in response to the release or threat of release of hazardous substances at the Site.

51.     On May 29, 2002, a group of twenty-four (24) potentially responsible parties ("PRPs") entered into an Administrative Order by Consent with EPA for the preparation of the Remedial Investigation/Feasibility Study ("RI/FS") of the Site to examine the various possible means of remedying the contamination at the Site.

52.     On September 20, 2002, a group of eighty-three (83) *de minimis* PRPs entered into an Administrative Order by Consent with the EPA to resolve their liability at the Site.

53.     The RI identified numerous hazardous substances in the soil, sediment, and groundwater and identified the following chemicals of concern: 1,1,1-trichloroethane, 1,1,2-trichloroethane, 1,1-dichloroethane, 1,1-dichloroethene, 1,2-dichloroethane, Aroclor 1242, Aroclor 1248, Aroclor 1254, Aroclor, arsenic, benzene, cis-1,2-dichloroethene, ethylbenzene, methylene chloride, dibromochloromethane, naphthalene, benzo(a)anthracene, benzo(a)pyrene, benzo(b)fluoranthene, chloroethane, chloroform, dibenzo(a,h)anthracene, indeno(1,2,3-c,d)pyrene, manganese, tetrachloroethene, toluene, trans-1,2-dichloroethene, trans-1,3-dichloropropene, tricholoroethene, vinyl chloride and xylenes.  All of these are listed as hazardous substances at 40 C.F.R. Part 302, Table 302.4 (1987), and are therefore "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

54.     Based on the information collected during the RI/FS, EPA selected a remedy for the Site in a Record of Decision ("ROD") that it issued on October 30, 2007.  The ROD required, *inter alia*, the remediation of the groundwater via monitored natural attenuation, removal of

contaminated soil, closure of on-site structure, removal of on-site sump pumps, repairing a sewer line, and placing a clean soil cover over the entire Site.

## FIRST CLAIM FOR RELIEF

55.    Paragraphs 1 through 54 are realleged and incorporated herein by reference.

56.    Section 107(a) of CERCLA provides, in pertinent part, that:

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –

(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for-

(A) all costs of removal or remedial action incurred by the United States Government or a State . . .  not inconsistent with the national contingency plan;

(B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; . . . and

(D) the costs of any health assessment or health effects study carried out under Section 9604(i) of [Title 42].

42  U.S.C. § 9607(a).

57.    Section 113(g)(2) of CERCLA provides, in pertinent part, that:

(2) Actions for recovery of costs

* * * *

8

> In any . . . action [for recovery of costs] . . . the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

42 U.S.C. 9613(g)(2).

58.     Each of the Defendants listed in Paragraphs 4 through 46 are persons within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

59.     Each of the Defendants is: (1) a person, or a successor in interest to a person, who by contract, agreement or otherwise, arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substance(s) owned or possessed by such person, which were disposed of at the Site, which was and is owned or operated by another party and contains hazardous substances; (2) a person who owns a facility from which there has been a release or threatened release of hazardous substance(s); and/or (3) a person who at the time of the disposal of hazardous substances was an owner and/or operator of the facility.

60.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

61.     There have been releases within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases, of hazardous substances into the environment at or from the Site.

62.     As a result of the releases or threatened releases of hazardous substances at or from the Site, the United States has incurred and will continue to incur response costs, within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, to respond to the releases or threatened releases of hazardous substances at the Site.  The United States will continue to incur response costs in connection with the Site.

63.    The response actions taken or to be taken at the Site are not inconsistent with the National Contingency Plan ("NCP").

64.    Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable to the United States for all response costs incurred and to be incurred in connection with the Site.

65.    Defendants are liable for EPA's unrecovered past response costs incurred in connection with the Site and additional response costs EPA may incur in connection with the Site.

SECOND CLAIM FOR RELIEF

66.    The allegations appearing in Paragraphs 1 through 65 above are realleged and incorporated herein by reference.

67.    CERCLA Section 106(a), 42 U.S.C. § 9606(a), provides, in pertinent part:

 . . . when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest . . . may require.  The President may also . . . take other action under this section including . . . issuing such orders as may be necessary to protect public health and welfare and the environment.

68.    Executive Order 12580 of January 23, 1987, delegated the President's functions under CERCLA Section 106(a) to the Administrator of EPA.

69.    EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances from the Site.

70.     Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), Defendants are liable for injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances from the Site.

PRAYER FOR RELIEF

Wherefore, Plaintiff, the United States of America, prays that this Court:

A.     Order Defendants, jointly and severally, to perform the remedial action for the Chemical Recovery Systems Superfund Alternative Site selected by EPA in the Record of Decision dated October 30, 2007.

B.     Order Defendants, jointly and severally, to reimburse the United States for all response costs incurred and to be incurred in connection with the Site, including interest thereon.

C.     Award the United States a declaratory judgment pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), that each and every Defendant is jointly and severally liable for all future costs incurred by the United States in connection with the Site.

D.     Grant the United States such other relief as the Court deems just and proper.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

W. BENJAMIN FISHEROW
Deputy Chief, Environmental Enforcement Section
Environment and Natural Resources Division

KRISTIN M. FURRIE
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044
(202) 616-6515
FAX: (202) 616-6584
kristin.furrie@usdoj.gov

STEVEN M. DETTELBACH
United States Attorney
Northern District of Ohio


 s/Steven J. Paffilas
STEVEN J. PAFFILAS (0037376)
Assistant U.S. Attorney
United States Courthouse
801 West Superior Avenue
Suite 400
Cleveland, OH 44113
(216) 622-3698
FAX: (216) 522-2404
steven.paffilas@usdoj.gov


OF COUNSEL:

THOMAS NASH
Associate Regional Counsel
U.S. Environmental Protection Agency - Region 5
77 W. Jackson Blvd. (C-14J)
Chicago, Illinois  60604